IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

| | |
|---|---|
| JERRY O'NEIL,<br>DENNIS WOLDSTAD, MELINDA WOLDSTAD,<br>GORDON SELLNER, and MICHAEL McBROOM,<br><br>              Plaintiffs,<br><br>        vs.<br><br>STATE BAR OF MONTANA,<br>BETSY BRANDBORG, Bar Counsel for<br>the State Bar of Montana,<br>THE MONTANA SUPREME COURT<br>COMMISSION ON THE UNAUTHORIZED<br>PRACTICE OF LAW, ELEVENTH JUDICIAL<br>DISTRICT COURT, THE MONTANA SUPREME<br>COURT, STEVE BULLOCK, Attorney General<br>of the State of Montana, and the<br>MONTANA DEPARTMENT OF PUBLIC HEALTH &<br>HUMAN SERVICES, OFFICE OF FAIR HEARINGS,<br><br>              Defendants. | CV 08-91-M-DWM-JCL<br><br><br><br><br><br>FINDINGS AND<br>RECOMMENDATION OF<br>UNITED STATES<br>MAGISTRATE JUDGE |

_____

      This matter is before the Court on Plaintiffs' Motion to Reconsider Pursuant to Rule 59(e).  Plaintiffs apparently seek reconsideration of the Honorable Donald W. Molloy's June 19, 2009 Order dismissing and closing this action.

FINDINGS AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE - Page 1

Plaintiffs assert reconsideration is warranted because they contend there exists a conflict between rulings issued by the Montana State Courts and the Blackfeet Indian Reservation Tribal Courts.  Specifically, according to Plaintiffs the Montana Eleventh Judicial District Court's decision in January 2005, and the Montana Supreme Court's decision in *Montana Supreme Court Comm'n on the Unauthorized Practice of Law v. O'Neil*, 2006 MT 284, 334 Mont. 311, 147 P.3d 200 ("*O'Neil I*"), concluded that Plaintiff Jerry O'Neil is not licensed to practice as an attorney before the Blackfeet Tribal Courts.  O'Neil contends, however, that *O'Neil I* conflicts with a 2007 decision of the Blackfeet Tribal Court of Appeals which concluded that O'Neil is licensed to practice before the Blackfeet Tribal Court as an attorney.  O'Neil, therefore, requests this Court reconsider its June 19 Order and enter declaratory judgement establishing his rights to practice as an attorney before the Blackfeet Tribal Court.

Plaintiffs cite to Fed. R. Civ. P. 59(e) in support of their motion.  Rule 59(e) governs motions to alter or amend a judgment.

> Under Rule 59(e), it is appropriate to alter or amend a judgment if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law."

FINDINGS AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE - Page 2

*United National Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th 2009).

This Court has already fully resolved and dismissed Plaintiffs' claims advanced in this action. On March 17, 2009, applying the *Rooker-Feldman* doctrine, the undersigned United States Magistrate Judge found that Plaintiff O'Neil's claims impermissibly attempted to challenge the Montana Supreme Court's decision in *O'Neil I*, supra. Under the *Rooker-Feldman* doctrine the federal district courts do not have jurisdiction to hear de facto appeals of decisions from the state's highest court. *See Carmona v. Carmona*, 544 F.3d 988, 995 (9th Cir. 2008). Additionally, the federal courts may not resolve any other issue "that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003). Accordingly, the undersigned recommended that this action be dismissed pursuant to the *Rooker-Feldman* doctrine.

On April 22, 2009, Plaintiffs filed a Motion to File Third Amended Complaint for Declaratory and Injunctive Relief. In the proposed amended pleading O'Neil identified and challenged the alleged conflict between the Blackfeet Tribal Court's decision and the Montana Supreme Court's decision in

*O'Neil I* regarding O'Neil ability to serve as an attorney before the Blackfeet Tribal Courts.

By Order entered June 19, 2009, Judge Molloy reviewed O'Neil's proposed Third Amended Complaint. Judge Molloy noted that the proposed amended pleading challenged the Montana Supreme Court's decision in *O'Neil I* and its affect on O'Neil's ability to practice as an attorney before the Blackfeet Tribal Courts. Judge Molloy concluded, however, that Plaintiffs' proposed new complaint raised challenges to Defendants' actions which the Montana Supreme Court vindicated in *O'Neil I*, and thus the proposed new complaint was similarly barred by the *Rooker-Feldman* doctrine. Judge Molloy denied Plaintiffs' motion for leave to file their amended pleading, adopted the undersigned's recommendation under *Rooker-Feldman*, dismissed Plaintiffs' action, and closed this case. (Dkt. # 101.)

Based on the foregoing, the Court concludes the Plaintiffs have not satisfied the requirements for reconsideration under Fed. R. Civ. P. 59(e) and *United National Ins. Co*, supra. The Court already addressed O'Neil's claims asserted in his present motion to reconsider regarding his ability to practice before the

Blackfeet Tribal Courts when it addressed Plaintiffs' motion for leave to file a third amended complaint.

Furthermore, O'Neil's present arguments regarding *O'Neil I* and his ability to practice as an attorney before the Blackfeet Tribal Courts are based on a purported conflict between court decisions rendered in 2006 and 2007. Thus, the Plaintiffs have not presented any newly discovered evidence for purposes of Rule 59(e).

Next, there is no clear error or manifestly unjust result rendered by the Court's June 19, 2009 Order. As previously concluded, O'Neil's claims are simply barred by the *Rooker-Feldman* doctrine.

Finally, O'Neil has not identified any intervening change in the law subsequent to the June 19, 2009 Order that would dictate a different result in this case.

For the reasons stated above, IT IS HEREBY RECOMMENDED that Plaintiffs' Motion to Reconsider Pursuant to Rule 59(e) be DENIED.

DATED this 29th day of July, 2009.

 /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

FINDINGS AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE - Page 5