

**FILED**

SEP 17 2009

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| JERRY O'NEIL, et al. ) | CV 08-91-M-DWM-JCL |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| STATE BAR OF MONTANA, et al., ) | |
| ) | |
| Defendants. ) | |

Plaintiffs brought this action seeking, inter alia, a declaration that a Montana Supreme Court decision affirming the enjoinment of Jerry O'Neil from the practice of law in Montana was void as unconstitutional. Defendants brought a motion to dismiss. The matter was referred to Magistrate Judge Lynch, who issued Findings and Recommendation on March 17, 2009 recommending that Plaintiffs' claims should be dismissed for a lack of subject matter jurisdiction

1

under Rooker-Feldman, and for failure to state a claim upon which relief may be granted.

Plaintiffs timely objected to the Findings and Recommendation on April 22, 2009. This Court reviewed the Findings and Recommendation. In doing so, the Court noted that the Plaintiffs' failed to specify objections to the Findings and Recommendation, but instead used the objection process to launch new claims. The Court pointed out that the purpose of objections to a findings and recommendation does not include the opportunity to bring a new complaint. The Court reviewed the Findings and Recommendation for clear error, and found none. Accordingly, the Court adopted the recommendation in full on June 19, 2009. Plaintiffs then brought a motion to Reconsider Pursuant to Rule 59(e). This matter was referred to Judge Lynch, who issued a Findings and Recommendation on July 29, 2009 recommending that the motion be denied.

Again, Plaintiffs timely objected to the Findings and Recommendation on August 10, 2009. Plaintiffs therefore are entitled to de novo review of those portions of the Findings and Recommendation to which they objected. 28 U.S.C. § 636(b)(1). Again, however, Plaintiffs fail to make specific objections, and instead try to put forth new arguments to avoid dismissal. Again, this Court notes that objections to a findings and recommendation is not an opportunity to launch a new

complaint. Since there are no specified portions objected to, the Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Plaintiffs object to the Findings and Recommendation denying their motion for reconsideration under Fed. R. Civ. P. 59(e). Under that rule, it is appropriate to alter or amend a judgment when (1) newly discovered evidence is presented to the court, (2) the court committed "clear error" or its decision was "manifestly unjust," or (3) "there is an intervening change in controlling law." United National Ins. Co. v. Spectrum Worldwide, Inc., 555 F.3d 772, 780 (9th Cir. 2009). The Findings and Recommendation considered each possible avenue for reconsideration, and for each determined that Plaintiff had failed to offer newly discovered evidence, that there was no clear error or unjust decision, or that controlling law had changed. Looking at Plaintiffs' motion, Judge Lynch's findings, and this Court's original order, I see no grounds for reconsideration.

In accordance with the foregoing,

IT IS HEREBY ORDERED that the Findings and Recommendation (dkt #108) are adopted in full;

Accordingly, IT IS FURTHER ORDERED that Plaintiffs' Motion for Reconsideration (dkt #103) is denied.

3

IT IS FURTHER ORDERED that this case is CLOSED.

Dated this 17th day of September, 2009.

_____
Donald W. Molloy, District Judge
United States District Court